PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD BARNETTE, | ) | |
| | ) | CASE NO. 4:09CV1005 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BENNIE KELLEY, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 14] |

Chad Barnette, an Ohio state prisoner proceeding with counsel, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging four grounds for relief which challenge the constitutional sufficiency of his sentence. The case was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation. The Magistrate Judge subsequently issued a Report and Recommendation (ECF No. 11). In his Report, the Magistrate Judge recommends that the Court deny the petition. On January 21, 2011, the above-entitled action was reassigned from Judge Christopher A. Boyko to the undersigned pursuant to General Order 2011-4. Petitioner filed Objections to the Magistrate Judge's Report (ECF No. 14). This Court, after reviewing the objections, hereby adopts the Report and denies the petition.

(4:09CV1005)

According to the Ohio Department of Rehabilitation and Correction website,[1] Petitioner is now confined at Mansfield Correctional Institution.  The Warden of that institution, Terry A. Tibbals, is ordered substituted for the original Respondent, Warden Bennie Kelley.

### I.  Facts

The relevant background facts of what Petitioner and his co-defendant did on January 29, 2001 when they "decided to wreak mayhem on their Youngstown neighborhood" are summarized in the state appellate court's decision in *State v. Barnette*, No. 06 MA 135, 2007 WL 4696834, at *1-2 (Ohio App. 7th Dist. Dec. 21, 2007).  In March 2001, Petitioner was indicted on one count of attempted aggravated murder, two counts of aggravated burglary, three counts of aggravated robbery, three counts of kidnapping, two counts of felonious assault, and one count of receiving stolen property.  Four of the counts contained gun specifications.  A jury trial commenced in 2002.  On March 12, 2002, the jury returned findings of guilt as to all counts except one of the counts of felonious assault.  The jury also found Petitioner guilty of the gun specifications.  The trial court sentenced Petitioner to the maximum prison terms on each count, and three years in prison on each gun specification.  The court held that the kidnapping charges, and related gun specifications, merged with the robbery charges.  The court also determined that all remaining sentences must be served consecutively to each other, for a total of 85 1/2 years in prison.  ECF No. 5-1 at PageID #: 80-82.

Petitioner appealed his conviction and sentence in state court.  On December 28, 2004, the court of appeals affirmed Petitioner's conviction, but modified his sentence.  The total prison

---

[1] http://www.drc.state.oh.us/

(4:09CV1005)

sentence was reduced to an aggregate of 74 years in prison. *State v. Barnette*, No. 02 CA 65, 2004 WL 3090228, at *17 (Ohio App. 7th Dist. Dec. 28, 2004), *opinion corrected on denial of reconsideration*, 2005 WL 293804 (Ohio App. 7th Dist. Feb. 2, 2005).

The Ohio Supreme Court accepted Petitioner's appeal on his sentencing claim under *Blakely v. Washington*, 542 U.S. 296 (2004). On May 3, 2006, the judgment of the court of appeals was reversed, and the cause remanded to the trial court for resentencing consistent with the decision in *State v. Foster*, 109 Ohio St.3d 1 (2006) (addressed the impact of *Blakely* and struck down certain provisions of Ohio's sentencing guidelines that permitted sentencing enhancements based on judicial factfinding). *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313 (2006).

In July 2006, the trial court held a resentencing hearing, at which Petitioner was given maximum, consecutive sentences totaling 84 years of incarceration. ECF No. 5-1 at PageID #: 513-16.

Petitioner appealed his sentence in state court again. The court of appeals affirmed Petitioner's sentence. *State v. Barnette*, No. 06 MA 135, 2007 WL 4696834 (Ohio App. 7th Dist. Dec. 21, 2007). Petitioner attempted a further appeal to the Ohio Supreme Court, but the appeal was not accepted for review. *State v. Barnette*, 118 Ohio St.3d 1409 (2008).

On April 30, 2009, Petitioner filed the instant petition for a writ of habeas corpus.

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3).

3

(4:09CV1005)

A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

### III. Law & Analysis

Petitioner proceeds only on his Third Ground for Relief in his Objections. ECF No. 14 at PageID # 803 n.1. The Third Ground for Relief is:

> Petitioner's constitutional right to due process of law and the protection against the imposition of ex post facto law as guaranteed by the Due Process and Ex Post Facto Clauses of the United States Constitution, were violated when the trial court imposed non-minimum, maximum and consecutive sentences.

ECF No. 1 at PageID #: 21. Petitioner argues in the third ground that the Ohio Supreme Court's decision in *Foster, supra*, violates the Due Process and Ex Post Facto Clauses of the United States Constitution. ECF No. 1 at PageID #: 21-23. Petitioner claims that when he "was resentenced, the presumption that he receive a minimum prison term was gone." ECF No. 1 at PageID #: 22.

Assuming *arguendo* that the Petition (ECF No. 1) challenges the 2006 resentencing, Petitioner's claim is the same as that advanced by the petitioner in *Ruhlman v. Brunsman*, 664 F.3d 615 (6th Cir. 2011) (rejecting *ex post facto* and due process clause challenges to the post-*Foster* reimposition of a greater-than-minimum sentence for a second-degree felony under

4

(4:09CV1005)

Ohio Rev. Code § 2929.14(A)(2)).  As the Court of Appeals for the Sixth Circuit explained in *Ruhlman*, resentencing pursuant to Ohio's discretionary sentencing scheme established by *Foster, supra*, even when it results in a sentence greater than the pre-*Foster* presumptive minimum sentence, does not violate *ex post facto* or other due process clause principles. *Ruhlman*, 664 F.3d at 619-24.  Thus, for the reasons stated in *Ruhlman*, the petition for a writ of habeas corpus in the case at bar is denied.  *Lininger v. Welch*, 465 Fed. Appx. 411 (6th Cir. 2012); *Morris v. Jeffreys*, No. 10-4470, slip op. at 2 (6th Cir. May 23, 2012); *Sanders v. Kelly*, No. 5:09CV01272, 2012 WL 2568186 at *10-11 (N.D. Ohio June 29, 2012) (Pearson, J.).

### IV. Conclusion

Accordingly, the Report and Recommendation (ECF No.11) of the Magistrate Judge is hereby adopted and the Petitioner's Objections (ECF No. 14) are overruled.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| February 14, 2013 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |